# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     CRIMINAL ACTION NO. 2:08-cr-278-01

CHRISTOPHER ROY GUAJARDO,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

The Court has reviewed the Defendant's motion (Document 94), brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on a subsequent reduction in the applicable sentencing guideline, Defendant's motion (Document 95) requesting a copy of the reasons for any denial of his Section 3582 motion, and Defendant's motion (Document 97) requesting the appointment of counsel for consideration of the instant issue.

On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. On January 27, 2012, pursuant to a Standing Order entered on October 7, 2011, this case was designated to proceed under the Standard Procedure. (Document 100). In the same January 27, 2012 Order, the Court ordered the Federal Public Defender to undertake the representation of Defendant or to seek the appointment of counsel. (*Id.*) On the same day, Mary Lou Newberger, of the Federal Public Defender's Office, entered an

appearance in this case on behalf of Defendant. Therefore, the Court finds that Defendant's motion for the appointment of counsel should be denied as moot.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and addendum to the PSR from the Probation Office, and any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety. At sentencing, the Court attributed to Defendant seven hundred (700) grams of cocaine base, seven hundred (700) grams of cocaine and one hundred fifty (150) 80-mg oxycodone tablets. His total offense level was determined to be thirty-three (33) and his criminal history category was VI[1]. The Court determined Defendant's original guideline range was two hundred thirty- five to two hundred ninety-three (235-293) months. He was sentenced outside of that guideline range to a term of one hundred forty-four (144) months of imprisonment.

Applying the 2011 amendments to the Guidelines, Defendant's base offense level is lowered to thirty-two (32). Given his two-level specific offense characteristic enhancement for possessing a dangerous weapon pursuant to 2D1.1(b)(1), his offense level becomes thirty-four (34). The Court observes that this offense level is the same level that applies for a career offender under Section 4B1.1(b). In light of the three-level reduction for acceptance of responsibility, Defendant's total offense level becomes thirty-one (31). Given a total offense level of thirty-one (31) and a criminal history category of VI, Defendant's amended guideline range is one hundred eighty-eight to two

---

[1] The Sentencing Court found that Defendant qualified as a career offender pursuant to Section 4B1.1(a) of the United States Sentencing Guidelines. However, his offense level prior to the three-level reduction for acceptance of responsibility was thirty-six, a higher offense level than that provided for in Section 4B1.1(b) for a qualifying career offender convicted of a crime with a statutory maximum of forty years. Therefore, the sentencing court applied the higher offense level of thirty-six pursuant to Section 4B1.1(b).

hundred thirty-five (188-235). Defendant was originally sentenced to a term of one hundred forty-four (144) months, which is lower than this amended guideline range. Pursuant to Section 1B1.10(b)(2)(A) of the United States Sentencing Guidelines, the Court is precluded from reducing Defendant's sentence. (*See* U.S.S.G. § 1B1.10(b)(2)(A)) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]")[2] Therefore, the Court finds that Defendant's term of imprisonment shall remain unchanged.

In their written responses, counsel for the United States and the Defendant both acknowledge that the Defendant's sentence should not be reduced. (Documents 101 and 102).

For the foregoing reasons, the Court **ORDERS** that Defendant's Section 3582(c)(2) Motion (Document 94) be **DENIED** and that his motion for the appointment of counsel (Document 97) be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.[3]

ENTER: March 23, 2012

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[2] The one exception to this limitation does not apply in this case because Defendant's original sentence outside of the guideline range was not the result of a substantial assistance motion.

[3] Since the Court is ordering a copy of the instant order to be forwarded to Defendant, his Letter- Form Motion requesting a copy of the reasons for any denial of his Section 3582 Motion (Document 95) shall be **TERMINATED AS MOOT**.